AMBRO, Circuit Judge,
dissenting.
I agree with my colleagues’ conclusion that the Tax Court has the discretion to allow permissive intervention pursuant to Rule 24(b)(2), but disagree that the Tax Court abused its discretion in denying permissive intervention here.
As the majority points out, permissive intervention under Rule 24 requires (1) a timely motion to intervene by (2) a federal or state governmental officer or agency (3) raising an issue that is based on a statute, executive order, or regulation that is administered by the entity; in addition, (4) intervention must not cause undue delay or prejudice to the initial parties’ rights. I agree that the first two requirements are easily satisfied here. Contrary to my colleagues’ view, the third requirement was contested by the Internal Revenue Service.[1] However, I shall assume (as did the Tax Court) that the V.I. Government meets the third requirement, as my disagreement is with the majority’s analysis of the fourth.
Although it did not use the precise phrases “undue delay” and “prejudice,” the Tax Court concluded that the V.I. Government’s intervention would result in just that. Thus, a careful reading of the Tax Court’s opinion refutes the majority’s conclusion that “[t]here is no support for the notion that any delay here would be ‘undue,’ or that the [V.I.] Government’s arguments ... would prejudice ... the IRS.” As the Tax Court reasoned,
[Appleton] has raised the period of limitations issue, and we presume the mat *140 ter will be fully vetted during the normal course of these proceedings. For [the V.I. Government] to participate in this case as a party solely to make an argument that [Appleton] has already identified as a matter central to his case would introduce a redundancy into the proceedings.... Were we to grant the motion to intervene, [the V.I. Government] would become a party to the proceeding in this Court and have the right to introduce documentary evidence, call its own witnesses, and cross-examine witnesses of the other parties. Such participation, as a practical matter, could result in trial complications as well as delay the resolution of this issue in which [the V.I. Government] asserts an interest.
A20-21. Because the Court found that the V.I. Government’s interests would be well represented by Appleton, who has counsel and “has made the expiration of the section 6501(a) period of limitations a cornerstone of his case,” it concluded that the redundancy, complications, and delay arising from the V.I. Government’s intervention would be undue, and would prejudice the IRS. Id. at 19. When viewed together with the fact that the Tax Court permitted the V.I. Government to file an amicus curiae brief, I do not believe this was an abuse of discretion.
My colleagues characterize the V.I. Government’s interest in this case as a desire to protect legitimate, congressionally sanctioned use of its Economic Development Program (“EDP”). I am skeptical. They cite the V.I. Government’s statistics that the EDP accounted for 20% of its budget and 8% of employment in the V.I. prior to the IRS’ delayed audits and assessments. But they fail to mention that the IRS only began audits after it discovered widespread abuse of the EDP. Thus, we cannot attribute a decline in participation to a fear of endless audits, as opposed to the IRS’ investigation of possible fraudulent use of the program.
My colleagues also fail to mention that in 2006 the IRS promulgated a regulation that “fixes” the statute of limitations problem of which the V.I. Government complains. Under Treas. Reg. § 1.932-1(c)(2)(h), the IRS allowed the filing of territorial income tax returns to trigger the start of the limitations period under § 6501.[2] Thus, the issue about which the V.I. Government expresses ongoing alarm no longer exists.
It is true, as the majority states, that “Rule 24(b)(2) specifically provides for governments to protect their interests in matters in litigation.... ” However, by allowing the V.I. Government to submit an amicus cwiae brief, I believe the Tax Court provided it sufficient opportunity to do so. In sum, because I disagree that the Tax Court failed to consider, or erred by concluding, that the Government’s intervention would cause undue delay, I respectfully dissent.

. The majority states that Appleton’s tax assessments incorporate credits pursuant to 26 U.S.C. § 934, which falls under the Virgin Islands' Economic Development Program, and thus is administered by the V.I. Government. The IRS argues that this is irrelevant and incorrect. It is irrelevant because the statute of limitations question does not implicate § 934, which states that the V.I. Government may only reduce tax liability if it is attributable to income connected with a V.I. trade or business. It is incorrect because § 934 is not in the "mirror code” (the version of the Internal Revenue Code that applies to V.I. residents, in which the term "Virgin Islands” is substituted for "United States”), and subsection 934(b) says that the Secretary of the United States Treasury shall promulgate regulations to define whether income is derived from sources in the V.I. or connected with a V.I. trade or business. As the IRS notes, ”[w]hile I.R.C. § 934 may provide the [V.I.] with guidance as to its tax structure, the Commissioner — not the [V.I. Government]— administers the provisions of that provision." IRS Br. 64.

. This regulation treats territorial returns as federal returns for statute of limitations purposes, provided that the United States Government and the V.I. Government have entered into an agreement allowing for the routine exchange of income tax information, which they have. See I.R.S. Notice 2007-31, 2001-1 C.B. 971. I cannot help but wonder if, prior to the IRS’ audits, the V.I. Government declined to share territorial returns with the IRS. If that were the case, the V.I. Government’s position would mean that the IRS was prevented practically from auditing Virgin Islands taxpayers before expiration of the limitations period. Surely we can all agree that the IRS has the right, and indeed the obligation, to investigate illegitimate use of tax incentives.